# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PIZZA HUT, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:24-cv-1002 |
| VARDAYANI MATA, INC., | § | Judge Mazzant |
| MAHENDER PATEL, and PARUL | § | |
| PATEL, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Pizza Hut, LLC's Opposed Motion for Attorney's Fees (Dkt. #40) and Plaintiff Pizza Hut, LLC's Opposed Motion for Costs (Dkt. #39) (the "Motions"). Having considered the Motions, the applicable law, and the relevant pleadings, the Court finds that the Motions should be **GRANTED**.

## BACKGROUND

The factual background of this case has been previously examined in the Court's December 10, 2025 Memorandum Opinion and Order granting summary judgment in favor of Plaintiff (Dkt. #36).[1] On December 17, 2025, the Court entered its Final Judgment (Dkt. #38).[2] The pertinent facts before the Court today exclusively relate to fees and costs.

---

[1] This case arises out of a contractual dispute between Plaintiff Pizza Hut, LLC ("Plaintiff") and Defendants Vardayani Mata, Inc. ("VMI"), Mahender Patel ("M. Patel"), and Parul Patel ("P. Patel") (collectively, "Defendants") (Dkt. #1).

[2] Plaintiff prevailed on each of its breach of contract claims regarding the Franchise Agreement, the Guaranty, and the Termination Agreement (Dkt. #36 at pp. 6–7). Plaintiff was awarded damages in the amount of $656,617.15, costs, pre-judgment interest, and post-judgment interest (Dkt. #38).

On December 31, 2025, Plaintiff filed its Opposed Motion for Costs under Local Rule CV-54(b) (Dkt. #39). That same day, Plaintiff also filed its Opposed Motion for Attorney's Fees under Federal Rule of Civil Procedure 54(d)(2) (Dkt. #40). Defendants did not respond to either Motion. The Motions are now ripe for adjudication.

## LEGAL STANDARD

### I.      Attorney's Fees

After determining whether attorney's fees are recoverable under the applicable law, courts use the lodestar method to calculate reasonable attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.* The requested rates should fall "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant legal community is the community where "the district court sits." *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation modified). The lodestar is presumptively reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)

"The party seeking attorneys' fees must present adequately recorded time records to the court. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended on the litigation. *Id.*

The Court then considers whether the circumstances warrant a lodestar adjustment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In making any adjustment, the Court considers twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714,

717–19 (5th Cir. 1974)). The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Id.* (citing *Johnson*, 488 F.2d at 717–19).

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Hou. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (citation modified). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *See Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

## II.   Bill of Costs

Federal Rule of Civil Procedure 54(d) dictates that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This provision "creates a 'strong presumption' in favor of awarding costs to a prevailing party, and 'a district court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'" *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quoting *Manderson v. Chet*

3

*Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012)); *see also Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). This is so because the denial of costs is considered "in the nature of a penalty." *Shwarz*, 767 F.2d at 131 (citation modified).

Awardable costs are set forth by the federal costs statute, 28 U.S.C. § 1920. Under section 1920, courts may award the following types of costs to the prevailing party:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* § 1920.

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Child.'s Med. Ctr. v. The New Eng. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotations marks omitted) (quoting *Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)). The party seeking recovery under § 1920 bears the burden of proving the amount and necessity of those costs. *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). The prevailing party carries the burden to demonstrate that the costs it seeks are recoverable. *Eolas Techs. Inc. v. Adobe*

*Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012), *aff'd sub nom.*, *Eolas Techs. Inc. v. Amazon.com, Inc.*, 521 F. App'x 928 (Fed. Cir. 2013).

The Court has discretion to deny costs when the "'suit was brought in good faith *and* denial is based on at least one of the following factors: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (citation modified) (quoting *Pacheco*, 448 F.3d at 794).

## ANALYSIS

Plaintiff moves for attorney's fees and costs (Dkt. #39; Dkt. #40). First, the Court will determine whether Plaintiff is entitled to its attorney's fees and evaluate the reasonableness of the amount requested. Then, the Court will consider Plaintiff's request for costs. Ultimately, the Court finds both Motions should be **GRANTED**.

### I.      Motion for Attorney's Fees

The Court will begin by determining whether Plaintiff is entitled to its attorney's fees. Plaintiff, as the prevailing party, seeks its attorney's fees from Defendants pursuant to: (1) the Franchise Agreement, Guaranties, and Termination Agreement; and (2) Chapter 38 of the Texas Civil Practice and Remedies Code, TEX. CIV. PRAC. & REM. CODE § 38.001 (Dkt. #40 at p. 1). The Court agrees Plaintiff is entitled to its attorney's fees.

First, in the December 10, 2025 Memorandum Opinion and Order, the Court identified the relevant provisions implicating the recovery of attorney's fees under the Franchise Agreement, Guaranty, and Termination Agreement (Dkt. #36). Under the Franchise Agreement, Vardayani Mata, Inc. ("VMI") is required to indemnify Plaintiff "against all loss, damage, or liability

5

(*including attorneys' fees and costs*) incurred by any of them owing to claims that arise directly or indirectly from or in connection with [VMI's] operations" (Dkt. #23-2 at § 16.4) (emphasis added). Further, under the Guaranty, M. Patel and P. Patel agreed to personally satisfy VMI's obligations under the Franchise Agreement (Dkt. #23-3).[3] Finally, the Termination Agreement set forth VMI's obligation to indemnify Plaintiff for specific "Losses," including attorney's fees (Dkt. #23-4 at § 2.6).[4] Thus, because Plaintiff prevailed on its breach of contract claims regarding the Franchise Agreement, Guaranty, and Termination Agreement, Plaintiff is entitled to its attorney's fees under the relevant clauses permitting such recovery (Dkt. #37).

Second, under Texas law, a party who prevails in a cause of action for breach of contract is entitled to its reasonable and necessary attorney's fees from the non-prevailing party. TEX. CIV. PRAC. & REM. CODE § 38.001. Under this statute, an award for reasonable attorney's fees to the prevailing party in a breach of contract action is mandatory, but the amount of reasonable fees is discretionary. *Fluorine on Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004). Here, this case involves breach of contract claims arising under Texas law (Dkt. #1). Plaintiff prevailed on each of its breach of contract claims against Defendants regarding the Franchise Agreement, the

---

[3]  The Guaranty states:

> We each personally guarantee, jointly and severally with each other, the complete performance of each of the terms and conditions of the Location Franchise Agreement to be performed by Franchisee, and jointly and severally agree to indemnify Pizza Hut, Inc., its "Affiliates" (as that term is defined in the Location Franchise Agreement), and the officers, directors, and employees of each of them from any liability or expense (*including reasonable attorneys' fees*) sustained by reason of the failure of Franchisee to perform and comply with the terms and conditions of the Location Franchise Agreement.

(Dkt. #23-3 at ¶ 2) (emphasis added).

[4]  The Termination Agreement specifically defines "Losses" as: "any and all losses, costs, damages, liabilities, or expenses (including, without limitation, *attorneys' fees*, arbitrators' fees, expert witness fees, costs of investigation and proof of facts), and other costs of litigation or arbitration, regardless of whether litigation or arbitration is commenced" (Dkt. #23-4 at § 2.6) (emphasis added).

Guaranty, and the Termination Agreement (Dkt. #36 at pp. 6–7). Plaintiff was awarded damages in the amount of $656,617.15, costs, pre-judgment interest, and post-judgment interest (Dkt. #38). Accordingly, Plaintiff is also entitled to recover its attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code for prosecuting its state law claims successfully (Dkt. #36; Dkt. #38).

Having determined that Plaintiff is entitled to its attorney's fees, the Court's next task is to determine the amount of attorney's fees Plaintiff should recover. Plaintiff requests an award of $144,839.90, which represents the amount of fees through December 24, 2025 (Dkt. #40 at p. 3). Plaintiff also requests an award for conditional appellate fees in the reasonable amount of $100,000, should the case be appealed (Dkt. #30 at p.4; Dkt. #40-1 at p. 3).

Plaintiff's request for its attorney's fees and conditional appellate fees is supported by the billing records attached to Plaintiff's Motion for Attorney's Fees and by the Declaration of Deborah S. Coldwell (the "Coldwell Declaration"), Plaintiff's principal attorney and a current partner at Haynes and Boone, LLP ("Haynes Boone") (Dkt. #40-1). The Coldwell Declaration states that through December 24, 2025, Plaintiff's attorneys—including Coldwell, Samuel Mallick, Mishan Kara and Ryan Pitts—spent approximately 207.8 hours on this matter (Dkt. #40-1). Coldwell charged a rate of $935.00 per hour, Mallick charged a rate of $697.50 per hour, Pitts charged a rate of $977.50 per hour, and Kara charged a rate of $599.00 per hour (Dkt. #30 at p. 3; Dkt. #40-1).

The Coldwell Declaration further states that Coldwell is "personally familiar with the services that attorneys and paralegals at Haynes Boone provided to Plaintiff," and "[t]he nature of these services is fully and fairly described in the contemporaneous time records" sent to Plaintiff

and provided to the Court (Dkt. #40-1 at p. 1). Coldwell further states she is "familiar with the usual and customary rates charged by other attorneys at large law firms in Dallas and around the state, including in the Eastern District of Texas, for similar work," the above-mentioned "rates are reasonable," and "the number of hours worked by Haynes Boone were reasonable and necessary" (Dkt. #40-1 at p. 2). The Coldwell Declaration finally states the billing records attached to the motion reflect her "billing judgment" (Dkt. #40-1 at p. 2).

With no response to consider,[5] the Court is satisfied with Plaintiff's explanation as to the reasonableness and necessity of the 207.8 hours billed to bring this suit to completion and the hourly rate charged.[6] The Court further finds Plaintiff provided it with adequate time records and the necessary specificity to calculate an accurate lodestar. Finally, the Court agrees that conditional appellate fees are reasonable. Accordingly, Plaintiff's Motion for Attorney's Fees should be **GRANTED**.

## II.      Motion for Costs

Plaintiff also requests its costs from Defendant (Dkt. #39). Plaintiff attached a proposed Bill of Costs to the Motion and notes no objections have been submitted on behalf of Defendants (Dkt. #39-1).[7] Plaintiff does not reference the statutory or contractual authority permitting its recovery of costs in the Motion. However, in the itemization attached to the proposed Bill of Costs,

---

[5] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." LOCAL RULE CV-7(d). Here, because Defendants failed to respond to the Motions, the Court will consider the facts set forth in Plaintiff's Motion for Attorney's Fees as undisputed.

[6] Plaintiff does not request an upward adjustment of the lodestar, but the Coldwell Declaration does discuss the *Johnson* factors (Dkt. #40).

[7] Plaintiff noted that it was unable to confer with opposing counsel before the deadline to file the Bill of Costs as required by Local Rule CV-54 and Federal Rule of Civil Procedure (Dkt. #39 at p. 2). Had Plaintiff been able to file the proposed Bill of Costs with the Clerk instead of filing an opposed motion, the Clerk would have processed the Bill of Costs shortly after noting Defendants did not object.

Plaintiff notes the following requested costs: (1) $405.00 for filing fees; (2) $564.00 for service of summons fees; and (3) $1,432.90 for deposition expenses (Dkt. #39-1 at pp. 3–4).

The Court finds these costs are recoverable. *See* 28 U.S.C. § 1920 (allowing for the recovery of "fees of the clerk"); *see Cook Child.'s Med. Ctr.*, 491 F.3d at 274 (vacating a district court's award of fees absent "explicit statutory or contractual authorization"); *see also Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) ("[I]t is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." (citing *Fogleman v. ARAMCO,* 920 F.2d 278, 285–86 (5th Cir. 1991)). Importantly, the relevant contracts also allow for Plaintiff's recovery of costs.[8]

Accordingly, because there is statutory and contractual authority and Fifth Circuit caselaw permitting Plaintiff's recovery of the costs mentioned above, Plaintiff is awarded its costs in the amount requested.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Pizza Hut, LLC's Opposed Motion for Attorney's Fees (Dkt. #40) and Plaintiff Pizza Hut, LLC's Opposed Motion for Costs (Dkt. #39) are hereby **GRANTED**.

---

[8]   First, under the Franchise Agreement, VMI is required to indemnify Plaintiff "against all loss, damage, or liability (including attorneys' fees and *costs*) incurred by any of them owing to claims that arise directly or indirectly from or in connection with [VMI's] operations" (Dkt. #23-2 at § 16.4) (emphasis added). Second, under the Guaranty, M. Patel and P. Patel agreed to personally satisfy VMI's obligations under the Franchise Agreement, including "any liability or expense" (Dkt. #23-3). Third, the Termination Agreement set forth VMI's obligation to indemnify Plaintiff for specific "Losses," defined as "any and all losses, *costs*, damages, liabilities, or *expenses* (including, without limitation, attorneys' fees, arbitrators' fees, expert witness fees, costs of investigation and proof of facts), and other *costs of litigation* or arbitration, regardless of whether litigation or arbitration is commenced" (Dkt. #23-4 at § 2.6) (emphasis added).

Accordingly, Plaintiff is hereby awarded its attorney's fees in the amount of $144,839.90 and costs in the amount of $2,401.90.

All other relief not expressly granted is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 6th day of April, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

10